UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

MARNIE MAYAT aka JANICE CUMMINGS,    )    CASE NO. 1:05 CV 2655
                                     )
          Plaintiff,                 )    JUDGE PATRICIA A. GAUGHAN
                                     )
     v.                              )
                                     )    MEMORANDUM OF OPINION
MARITA KAVALIC,                      )    AND ORDER
                                     )
          Defendant.                 )


On November 14, 2005, plaintiff pro se Marnie Mayat filed this in forma pauperis action[1] against Marita Kavalic, identified as "Director of Court Affairs." The complaint alleges that an erroneous journal entry in the juvenile court has "caused separation to family member." For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

_____

[1] No filing fee was submitted with the complaint or has been tendered since the filing of this action.

basis in law or fact.[2]  Neitzke v. Williams, 490 U.S. 319 (1989);
Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City
of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of pro se
pleadings are not without limits. Beaudett v. City of Hampton, 775
F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either
direct or inferential allegations respecting all the material
elements of some viable legal theory to satisfy federal notice
pleading requirements. See Schied v. Fanny Farmer Candy Shops,
Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not
required to conjure up questions never squarely presented to them
or to construct full blown claims from sentence fragments.
Beaudett, 775 F.2d at 1278. To do so would "require ...[the
courts] to explore exhaustively all potential claims of a pro se
plaintiff, ... [and] would...transform the district court from its
legitimate advisory role to the improper role of an advocate
seeking out the strongest arguments and most successful strategies
for a party." Id. at 1278.

Even liberally construed, the complaint does not contain
allegations reasonably suggesting plaintiff might have a valid

---

[2]     A claim may be dismissed sua sponte, without prior
notice to the plaintiff and without service of process on the
defendant, if the court explicitly states that it is invoking
section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing
the claim for one of the reasons set forth in the statute.
McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997);
Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert.
denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222,
224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th
Cir. 1985).

federal claim.  <u>See</u>, <u>Lillard v. Shelby County Bd. of Educ,</u>, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).  Accordingly, this action is dismissed under section 1915(e).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 12/19/05